**E-Filed 7/17/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY, an Illinois corporation<br><br>Plaintiff,<br><br>v.<br><br>CASTLE ROCK INDUSTRIES, INC., d.b.a. SEQUOIA CONSTRUCTION COMPANY, a California corporation; LEWIS C. NELSON & SONS, a California corporation and DOES 1 through 10,<br><br>Defendants. | Case Number C 06-5904 JF<br><br>ORDER[1] GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

    Plaintiff RLI Insurance Company ("RLI") moves for partial summary judgment on the issue of whether its rescission of certain insurance policies issued to Defendant Castle Rock Industries, Inc. d.b.a. Sequoia Construction Company ("Sequoia") applies to Defendant Lewis C. Nelson & Sons, Inc. ("LCN") as an additional insured under the Sequoia policies. LCN opposes RLI's motion on two grounds. First, LCN asserts that RLI's policies each contain a "separation

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-05904 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC3)

of insureds" provision that negates the application of California Insurance Code § 650 ("section 650"). Second, LCN argues there are factual issues that affect RLI's ability to rescind the policy against LCN. The Court heard oral argument on the issue on June 29, 2007. LCN provided supplemental briefing on July 2, 2007.

## I.    BACKGROUND

RLI is a corporation organized and existing under and by virtue of the laws of the State of Illinois. LCN is a corporation organized and existing under and by virtue of the laws of the State of California. RLI issued Commercial General Liability Policy No. AC10002057 to Sequoia Construction Co. d.b.a. Castle Rock Industries, Inc. for the policy period of June 19, 2002 to June 19, 2003. The policy was extended until August 9, 2003 ("the 2002 Policy"). RLI subsequently issued, under its Artisan Contractor Program, Commercial General Liability Policy No. AC10005718 to Sequoia Construction Co. d.b.a. Castle Rock Industries, Inc. for the policy period of August 9, 2003 to August 9, 2004 ("the 2003 Policy"). Both policies had a standard additional insured broad form endorsement that provides as follows:

> **WHO IS AN INSURED (Section II)** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you.
>
> To the extend required under contract, this policy will apply as primary insurance to additional insureds scheduled above and other insurance which may be available to such additional insureds will be non-contributory.

The "Schedule" states:

> **Name of Persons or Organization:**
> All persons or organizations as required by written contract.

The policies also contained the following "separation of insureds" provision:

> 7.    Separation of Insureds
>
> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
>
> a.    As if each Named Insured were the only Named Insured; and

2

          b.       Separately to each insured against whom claim is made or "suit" bought.

LCN contracted with the Santa Maria Join Union High School District to perform the majority of construction services. LCN's general contract with the School District required that LCN, and any subcontractors hired by LCN, maintain general liability covering LCN against the legal obligation to pay damages because of property damage.

On February 3, 2003, LCN entered into a subcontract with RLI's named insured, Defendant Castle Rock Industries, Inc. d.b.a. Sequoia for framing of the high school. This subcontract required Sequoia to maintain general liability insurance covering LCN as an additional insured. On December 15, 2004, LCN tendered its defense of a claim for construction defects to RLI, noting its entitlement to coverage as an additional insured.

RLI commenced this suit for rescission of its two policies issued to Sequoia on September 25, 2006. RLI contends that Sequoia misrepresented facts concerning the amount of its receipts and the amount of its payroll when applying for insurance in June 2002, and again when applying for renewal of insurance in 2003.

## II. STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49;

*Barlow v. Ground*, 943 F. 2d 1132, 1134-36 (9th Cir. 1991).

## III. DISCUSSION

RLI's motion for partial summary judgment seeks a judicial determination that its rescission of its insurance policy with Sequoia applies to additional insureds under the policy. It relies upon section 650 which provides that a rescission "shall apply to all insureds under the contract, including additional insureds, unless the contract provides otherwise." Cal. Ins. Code §650. Essentially RLI argues that as an insurer it has a statutory right to rescind a policy to all insureds. LCN argues that the Sequoia policies contain express contractual language—specifically, General Condition 7—that makes section 650 inapplicable. The issue appears at first gleam to be one of simple contract interpretation.

RLI argues that the General Condition 7 does not affect its rescission rights but rather is intended to clarify that the policy applies separately to each insured unless a right or a duty is specifically assigned to the first Named Insured. If no right or duty is so assigned, then the policy terms apply to all insureds under the policy. RLI points out that no clause in the policy specifically addresses rescission. RLI also references General Condition 6 of the Sequoia policies that states:

> By accepting this policy, you agree:
> a.  The statements in the Declarations are accurate and complete;
> b.  Those statements are based upon representations you made to us; and
> c.  We have issued this policy in reliance upon your representations.

According to RLI, under the first clause of General Condition 7, this requirement applies to LCN and all other insureds covered by the policy.

LCN argues that RLI chose to issue a policy that contains a broad separation of insureds provision—one that applies not only to rights but also to duties of the first Named Insured. According to LCN, the separation of insureds provision states clearly that the insurance applies separately to each insured except with respect to duties of the first Named Insured as "specifically assigned in this Coverage Part." LCN reads the provision to mean that the insurance afforded to LCN as an additional insured is separate from the insurance afforded to the

4

Case No. C 06-5904 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC3)

1  first Named Insured, Sequoia, except with respect to duties specifically assigned to Sequoia in
2  the RLI policy, and that the broadly-worded severability clause has "separated" LCN from
3  Sequoia with respect to duties outside the policy such as duties of disclosure under the Insurance
4  Code.  Thus, to the extent that RLI relies upon duties under the Insurance Code to seek rescission
5  from Sequoia, RLI is not entitled to rescission against the "separated" LCN.  LCN argues that
6  any other interpretation would read out the words "and duties" of the phrase "rights and duties"
7  in General Clause 7.

8        Because this case is in federal court on the basis of diversity jurisdiction, the Court will
9  apply California substantive law.  *See Continental Insurance Co. v. Metro-Goldwyn-Mayer, Inc.*,
10 107 F.3d 1344, 1346 (9th Cir. 1997); *Intel Corp. v. Hartford Accident & Indemnity Co.*, 952 F.2d
11 1551, 1556 (9th Cir. 1991).  Under California law, a court seeking to interpret an insurance
12 policy looks first to the language of the contract in order to ascertain its plain meaning or the
13 meaning a layperson ordinarily would attach to it.  *Waller v. Truck Insurance Exchange, Inc.*, 11
14 Cal.4th 1, 18 (1995).  Terms used in the policy will be interpreted in their ordinary and popular
15 sense, unless used by the parties in a technical sense or a special meaning is given them by usage.
16 *Id*.

17       Ambiguities in a policy generally are resolved in favor of coverage.  *AIU Insurance Co. v.*
18 *Superior Court*, 51 Cal.3d 807, 822 (1990).  However, the Court will not declare the existence of
19 an ambiguity merely because a particular word or term is not defined.  *See Fireboard Corp. v.*
20 *Hartford Accident and Indemnity Co.*, 16 Cal .App. 4th 492, 509 (1993).  The language
21 contained in an insurance policy must be construed in the context of the instrument as a whole
22 and in the circumstances of the case.  *Id*.

23       Remarkably, the language contained in the separation of insureds provision of the RLI
24 policy has not been addressed with any frequency by California courts.  However, other
25 jurisdictions have examined the issue more closely.  For example, *Carbone v. General Accident*
26 *Ins. Co.*, 937 F. Supp. 413, 419 (E.D.Pa. 1996) discussed the rationale and purpose of an
27 identical separation of insureds clause.  The court noted that the clause became a standard part of
28 the insurance industry form contract in 1955.  *Id.* at 419.  Quoting Chief Justice Matthews of the

1   Supreme Court of Alaska, the court noted that the clause "aimed at clarifying 'what insurance
2   companies had intended all along, namely that the term "the insured" in an exclusion refers
3   merely to the insured claiming coverage.'" *Id.*, quoting *Alaska Depart. of Trans. and Pub.*
4   *Facilities v. Houston Casualty Co.*, 797 P.2d 1200, 1205 (Alaska 1990). Thus, as RLI contends,
5   the clause simply states that the policy applies separately to each insured unless a right or a duty
6   is specifically assigned to the first Named Insured.

7       Moreover, as pointed out by RLI, General Condition 6 states explicitly that the policy has
8   been issued based upon the statements and representations made by the Named Insured. Under
9   General Condition 7, General Condition 6 applies to LCN and all other insureds under the policy.
10  The alleged misrepresentations contained in the policy application thus would void coverage as
11  to all insureds seeking coverage under the policy.

12      LCN argues alternatively that RLI's is not entitled to rescind the Sequoia policy at all and
13  provides evidence in support of that argument. Because RLI's motion at this point is limited to
14  the issue of whether rescission as to Sequoia would be effective as to LCN, RLI properly has
15  objected to the evidence as irrelevant. The instant motion does not address, and thus the Court
16  does not reach, the issue of whether RLI in fact is entitled to rescind the Sequoia policies. The
17  Court concludes only that in the event rescission as to Sequoia is found to be proper, such
18  rescission also affects additional insureds such as LCN.

19  ### IV.  CONCLUSION

20      Good cause appearing, RLI's motion for partial summary judgment is GRANTED.
21  Because this Court's decision to grant partial summary judgment is based solely on a question of
22  law, RLI's evidentiary objections are moot.

24  IT IS SO ORDERED.

26  DATED: July 17, 2007

                                                  JEREMY FOGEL
                                                  United States District Judge

Case No. C 06-5904 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC3)

1   This Order has been served upon the following persons:

2   Douglas B. Allen          burnettburnettallen@yahoo.com

3
    Laura L. Goodman          laura.goodman@sdma.com, antonia.bereal-lee@sdma.com,
4                             jamison.narbaitz@sdma.com, jonathan.fineman@sdma.com,
                              sdmacalendaring@sdma.com
5

6   Julia Ann Molander        julia.molander@sdma.com

7   Alexander F. Stuart       afs@wsblaw.net, cna@wsblaw.net, csc@wsblaw.net, jay@wsblaw.net

8   Erin Joy Volkmar          erin.volkmar@sdma.com

9
    Clinton Stevens Coddington
10  Willoughby Stuart and Bening Inc.
    50 W. San Fernando #400
11  San Jose, CA   95113

12
    Bruce H. Winkelman
13  Craig and Winkelman
    2001 Addison Street, Suite 300
14  Berkeley, CA   95704

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No. C 06-5904 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC3)