1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    JULIA A. MOLANDER  Bar No. 83839
2   LAURA L. GOODMAN  Bar No. 142689
    ERIN J. VOLKMAR  Bar No. 227238
3   One Market Plaza
    Steuart Tower, 8th Floor
4   San Francisco, California 94105
    Telephone: (415) 781-7900
5   Facsimile: (415) 781-2635

6   Attorneys for Plaintiff
    RLI INSURANCE COMPANY
7
    ALEXANDER F. STUART – 96141
8   CLINTON S. CODDINGTON – 206721
    WILLOUGHBY, STUART & BENING, INC.
9   50 West San Fernando St., Suite 400
    San Jose, California 95113
10  Telephone: (408) 289-1972
    Facsimile: (408) 295-6375
11
    Attorneys for Defendant
12  LEWIS C. NELSON & SONS, INC.

13  DOUGLAS B. ALLEN, SBN 99239
    BURNETT, BURNETT, & ALLEN
14  160 West Santa Clara Street, Suite 1200
    San Jose, California 95113
15  Telephone: (408) 298-6540

16  Attorney for Defendant
    CASTLE ROCK INDUSTRIES, INC. DBA
17  SEQUOIA CONSTRUCTION COMPANY

18              UNITED STATES DISTRICT COURT

19          NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

20

21  RLI INSURANCE COMPANY, an Illinois          CASE NO. 5-06-CV-05904-RS
22  corporation,
                                                [PROPOSED] STIPULATED
23         Plaintiff,                           PROTECTIVE ORDER

24         v.

25  CASTLE ROCK INDUSTRIES, INC. dba
    SEQUOIA CONSTRUCTION
26  COMPANY, a California corporation;
    LEWIS C. NELSON & SONS, a California
27  corporation, and DOES 1 through 10,

28         Defendant.

**FILED**

JUL 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## APPLICABILITY OF PROTECTIVE ORDER

The provisions in this Protective Order shall apply to information, documents, and things produced in response to the subpoenas described herein.

## BACKGROUND

Plaintiff RLI INSURANCE COMPANY ("RLI") and Defendants LEWIS C. NELSON & SONS, INC. ("LCN") and CASTLE ROCK INDUSTRIES, INC. dba SEQUOIA CONSTRUCTION COMPANY ("Castle Rock") agree as follows:

1.    Whereas, RLI, LCN and Castle Rock are referred to collectively as "the parties" and separately as "the party;"

2.    Whereas, RLI has subpoenaed any and all documents referring to or relating to insurance applied for by or issued to Castle Rock Industries, Inc., Castlerock Industries, Inc., Castlewood or Castlewood Industries, Inc., Sequoia Construction Company, Wade Peebles, Gigi Peebles, Donald Frost, Peter Morin, Kevin Killeen, Michael Moore, Jerry Moore and Mike Sequoia (collectively "Sequoia and its related entities");

3.    Whereas RLI has issued subpoenas relating to Sequoia and its related entities to the custodian of records for multiple insurance agencies and brokers, including, but not limited to, Insurance by Allied Brokers, Basic West Insurance Agency, Inc., Barlocker Insurance Services, Artisan Contractors Association of America, Accredited Surety & Casualty Company, Inc., Bliss & Glennon, Powers & Company, Grosslight Insurance, Inc., Hunter Insurance Services, Inc., Landmark American Insurance Company, Navigators California Insurance Services, Inc., Rancho Pacific Insurance Services, Inc., Virginia Surety Company, Inc., and Skyles Insurance Agency (collectively "Custodian of Records Subpoenas");

4.    Whereas Sequoia objects to the documents, information and things requested in the Custodian of Records Subpoenas on the ground that the requested documents, information and things contain confidential information of Sequoia and its related entities and principals of those entities; and

5.    Whereas, the parties hereby stipulate and agree that any and all documents produced in response to a Custodian of Records Subpoena will be used for purposes of this

1   litigation alone and for no other purpose.

2                          **PROTECTIVE ORDER**

3          1.     This Protective Order shall govern the designation and handling of any and all

4   documents containing private, non-public, confidential, proprietary, sensitive business, personal

5   or financial information, including payroll information, social security numbers and medical

6   information (collectively referred to as "Confidential" information), produced in response to the

7   Custodian of Records Subpoenas

8          2.     All documents and information designated as "Confidential" pursuant to this

9   Protective Order shall only be used for purposes of this litigation and shall not be used for any

10  business, competitive or other purposes without the written authorization of counsel for Sequoia

11  and its related entities, or upon court order.

12         3.     The party who designates material produced as "Confidential" pursuant to this

13  Protective Order must have a good faith, well-grounded reason to believe the document or

14  information constitutes:

15                (a)     proprietary or highly sensitive business, personal or financial information;

16                (b)     information subject to the legally-protected right of privacy of individuals,

17  such as payroll information, social security numbers and/or medical information; and/or

18                (c)     information or documents subject to a legally binding existing

19  confidentiality or non-disclosure agreement with a non-party.

20         4.     The party who designates documents as "Confidential" must affix to them the

21  following legend in a size and location that makes the designation readily apparent:

22         *"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"*

23         5.     Except as otherwise set forth herein or in any subsequent order of the Court, no

24  "Confidential" material shall be delivered, exhibited or disclosed to persons other than

25  "Qualified Persons." Qualified Persons are:

26                (a)     the parties;

27                (b)     the parties' respective counsel of record in this case;

28                (c)     the Court, or any court personnel, including the court reporter;

(d)     any expert or consultant, and their support staff, utilized by counsel for a party in this case to assist in the preparation of this case, or to testify at trial or any other proceeding in this action, provided such persons agree in writing, in the form attached as Exhibit A, to abide by and be bound by the terms of this Protective Order;

(e)     deponents, trial witnesses, or potential deponents or potential trial witnesses, provided such persons agree in writing, in the form attached as Exhibit A, to abide by and be bound by the terms of this Protective Order;

(f)     mediators retained by the parties; and

(g)     any other persons designated by the Court.

6.     No disclosure of "Confidential" documents and information may be made by a receiving party to any person who is not a "Qualified Person" until the following provisions of this Section are met:

(a)     Prior to disclosing "Confidential" documents, the disclosing party shall afford notice five (5) business days in advance to the party claiming confidentiality and shall request approval for such disclosure in writing (including via email).  If the party claiming confidentiality does not object by the close of business on the fifth day, the disclosure may proceed accordingly.

(b)     If the party claiming confidentiality timely objects, the receiving party may not disclose the "Confidential" documents or information until one of the following occurs:

(i)     The parties meet and confer to resolve disclosure issues and reach mutual agreement; or

(ii)     The parties present the dispute to the Court or to an agreed neutral, whose ruling shall be final and binding.  In such dispute, the party claiming confidentiality shall bear the burden of showing why disclosure to the non-Qualified Person should not be permitted.

7.     If a party objects to the designation of any document or information as "Confidential," the following procedures apply:

(a)     The party objecting to the designation will submit a written objection to counsel and request a meeting to attempt to resolve the dispute;

(b)     If the dispute is not resolved through the meet-and-confer process, then either party may move the Court for appropriate relief;

(c)     Any disputed documents or information shall be treated as "Confidential" under this Protective Order until the Court rules otherwise; and

(d)     In the event of such a dispute, the party claiming confidentiality shall have the burden of proving that the information is "Confidential."

8.     Nothing in this Protective Order shall limit a party's use of its own documents and information and documents obtained other than through the Custodian of Records Subpoenas. Nothing in this Protective Order shall prevent a party from disclosing its own "Confidential" information to any person.  Such disclosures shall not affect any "Confidential" designation made pursuant to the terms of this Protective Order, so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

9.     All provisions of this Protective Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between and among the parties or order of the Court.  The Court shall retain jurisdiction of this matter for the purposes of enforcing this Protective Order.

10.     Documents and other information designated as "Confidential" but otherwise publicly available shall not, by reason, of a "Confidential" designation become confidential under the terms of this Protective Order.

11.     The parties agree that the ability of the parties to designate as "Confidential" certain documents and information shall not, by itself, enlarge the provisions of Federal Rule 26(b) regarding the scope of information and documents that a party must provide in discovery, nor does this Stipulation by itself alter or change the terms and conditions of other agreements or undertakings by any of the parties hereto relating to disclosure of confidential and proprietary information.

12.     The parties hereto agree to negotiate in good faith to preserve confidentiality matters at trial.

RESPECTFULLY SUBMITTED this 30th day of July, 2007.

1    SO ORDERED:

2

3                                        _____

4                                        **Richard Seeborg**
5                                        **U.S. Magistrate Judge**

6

7    DATED: June 23, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

8

9                                        By:_____
10                                            Julia A. Molander
                                             Laura L. Goodman
11                                           Erin J. Volkmar
                                             Attorneys for Plaintiff
12                                           RLI INSURANCE COMPANY

13   DATED: June ___, 2007       WILLOUGHBY, STUART & BENING, INC.

14

15                                       By:_____
16                                           Alexander Stuart
                                             Clinton Coddington
17                                           Attorneys for Defendant
                                             LEWIS C. NELSON AND SONS

18

19   DATED: June 16, 2007        BURNETT, BURNETT, & ALLEN

20

21                                       By:_____
22                                           Douglas B. Allen
                                             Attorney for Defendant
23                                           CASTLE ROCK INDUSTRIES, INC. dba
                                             SEQUOIA CONSTRUCTION COMPANY

24

25

26

27

28

1    SO ORDERED:

2

3

4                                          HONORABLE JEREMY FOGEL

5

6

7    DATED: June ___, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

8

9                                   By:_____
10                                      Julia A. Molander
                                        Laura L. Goodman
11                                      Erin J. Volkmar
                                        Attorneys for Plaintiff
12                                      RLI INSURANCE COMPANY

13   DATED: June ___, 2007          WILLOUGHBY, STUART & BENING, INC.
     (handwritten: July 25)

14

15                                  By:_____
16                                      Alexander Stuart
                                        Clinton Coddington
17                                      Attorneys for Defendant
                                        LEWIS C. NELSON AND SONS
18

19   DATED: June ___, 2007          BURNETT, BURNETT, & ALLEN

20

21

22                                  By:_____
                                        Douglas B. Allen
23                                      Attorney for Defendant
                                        CASTLE ROCK INDUSTRIES, INC. dba
                                        SEQUOIA CONSTRUCTION COMPANY
24

25

26

27

28

SF/1409838v1                              -6-                    CASE NO. 5-06-CV-05904-RS
                                     PROTECTIVE ORDER

EXHIBIT A

AGREEMENT TO BE BOUND BY

PROTECTIVE ORDER


The undersigned _____ (print or type name) employed or

retained by _____ (print or type name of party or attorney), in

connection with *RLI Insurance Co. v. Castle Rock Industries, Inc. dba Sequoia Construction

Company and Lewis C. Nelson & Sons, Inc.,* United States District Court Case No. 5-06-CV-

05904-RS, hereby acknowledges that he or she has received a copy of the Stipulation for a

Protective Order entered in this case, has read the same and agrees to be bound by all of the

provisions thereof, and consents and stipulates to the submission of and personal and subject

matter jurisdiction of any disputes regarding such person's compliance with this Protective Order

before the United States District Court in which this case is pending.

DATED this _____ day of _____, 2007.


_____